IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY HAMILTON EPSTEIN, | : | |
| Plaintiff | | |
| v. | : | Civil Action No. 12- |
| CITY OF PHILADELPHIA and | | JURY TRIAL DEMANDED |
| OFFICER WILLIAM GRESS | : | |
| Badge Number 4702, | | |
| Individually and as a police officer for | : | |
| the City of Philadelphia, | | |
| c/o Law Department | : | |
| 1515 Arch Street | | |
| Philadelphia, PA 19102, | : | |
| Defendants | | |

COMPLAINT
Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

Parties

2. Plaintiff Emily Hamilton Epstein is a resident of the State of New York, and at all times relevant to this action was in Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendant William Gress.

4. Defendant William Gress is and was at all times relevant to this action a police officer with the Philadelphia Police Department and acting under color of state law. He is being sued in

1

his individual capacity.

5. At all relevant times, all defendants were acting under color of state law.

6. At all relevant times, the actions taken by all defendants deprived plaintiff Emily Hamilton Epstein of her constitutional and statutory rights.

**Factual Allegations**

7. On June 19, 2010, at about 9:00 P.M., the plaintiff, Emily Hamilton Epstein, was at or near the 400 block of South Street in Philadelphia where she was drawing on a small section of sidewalk with water-soluble sidewalk chalk.

8. Earlier that day, the plaintiff had been given permission to draw on the sidewalk by the manager of the adjoining property, a business establishment.

9. The plaintiff was drawing on the sidewalk for artistic expression and to communicate a message to the public, activities that are protected by the First Amendment. She was drawing with water-soluble sidewalk chalk -- the type commonly used by children and artists throughout the world -- that is temporary and washes away when it rains.

10. The plaintiff continued to draw for several hours, during which time she never blocked or obstructed public passage on the sidewalk. During that same period of time, many members of the public, including Philadelphia police officers, passed by and looked at her artwork -- some commenting on the artistic quality of and the message communicated by her work -- and no one ever advised the plaintiff that she was violating any law.

11. At about 9:00 PM on that date, Philadelphia Police Officer William Gress approached the plaintiff. Officer Gress was in uniform as a Philadelphia police officer and asserted his authority to act under color of law. Officer Gress, without cause or justification,

ordered the plaintiff to stop drawing.  The plaintiff immediately complied.

12.   Officer Gress, without cause or justification, and at least in part in retaliation for the exercise of protected First Amendment rights, using unnecessary and unreasonable force, grabbed and pushed the plaintiff, applied handcuffs in an excessively tight manner, and caused the plaintiff to be charged with the criminal offense of obstructing the highway, all of which caused the plaintiff to sustain injuries and harms.  The plaintiff was transported to a police station where she was detained in tight handcuffs for an extended period, and then released on a Criminal Citation which commanded her to appear in state court to answer the criminal charges or risk the issuance of a bench warrant for her arrest.

13.   On September 12, 2011, the plaintiff appeared for trial on the Criminal Citation with retained counsel before the Honorable Craig Washington of the Municipal Court of Philadelphia County.  Judge Washington found the plaintiff not guilty.

14.   At no time did the plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the County of Philadelphia for which an arrest may be lawfully made and a criminal prosecution initiated.

15.   The unlawful arrest, detention, prosecution and use of force in this case were the direct result of all defendants' pattern, practice and custom of subjecting persons such as the plaintiff to the use of force, arrest, detention and prosecution in the absence of probable cause and/or in retaliation for the exercise of protected First Amendment activity.

16.   Defendant Gress acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

17.   As a direct and proximate result of the actions of all defendants, the plaintiff suffered

and continues to suffer pain and emotional distress, financial losses, and additional damages for the violation of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

18. Defendants engaged in this conduct for the purpose of violating the rights of the plaintiff and others and to remove from public areas persons, including the plaintiff, who are viewed as offensive to the public image of the Philadelphia, thereby violating the plaintiff's constitutional rights by interfering with her right to free expression and subjecting her to unreasonable force, unlawful arrest and malicious prosecution.

19. Defendant Gress, prior to this incident and thereafter, had been the subject of complaints and litigation asserting that he engaged in a pattern of similar misconduct, including but not limited to the use of pretextual criminal charges, unlawful arrest, unreasonable force and/or malicious prosecution, and the City of Philadelphia and the Philadelphia Police Department failed to take appropriate remedial or disciplinary action to prevent further constitutional violations by the officer, thereby causing the constitutional violations in this case.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

20. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint.

21. As a direct and proximate result of all defendants' conduct, committed under color of state law, all defendants deprived Emily Hamilton Epstein of her right to be free from unreasonable force, unlawful detention, unlawful arrest and malicious prosecution, to be free of interference in protected First Amendment activity, to be secure in her person and property and to due process and equal protection of the law.  As a result, the plaintiff suffered and continues to

suffer harm, in violation of her rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

22. As a direct and proximate result of the acts and omissions of all defendants, the plaintiff sustained pain and emotional distress, financial losses, and a violation of her right to freedom of expression.

23. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The proper exercise of police powers, including improper arrests, detentions and malicious prosecutions of citizens;

b. Police officers' use of their status as police officers to employ the use of retaliation and malicious prosecution, or to achieve ends not reasonably related to their police duties;

c. The failure of police officers to follow established policies, procedures, directives and instructions regarding the arrest and prosecution of artists, persons communicating messages of public importance, and others under such circumstances as presented herein;

d. The failure to properly train, supervise and discipline all officers regarding the use of pretexual arrests for offenses such as obstruction of the highway to remove those perceived to be undesirable from public areas in Philadelphia and to deter those individuals from returning to such areas to engage in protected First Amendment activity;

e. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

f. The failure to identify and take appropriate remedial or disciplinary action against police

officers, including the defendant officer in this case, who were the subject of prior lawsuits and/or civilian or internal complaints of misconduct;

g.  The abuse of arrest powers by officers who retaliate against citizens due to the exercise of constitutional rights by those citizens;

h.  The implementation of or acquiescence in a policy, practice and custom of undertaking arrests in Center City Philadelphia, and the South Street business district in particular, in the absence of probable cause; and

i.  The use of police powers to undertake pretextual arrests and prosecutions in the South Street business district and elsewhere to resolve alleged "quality of life" offenses without regard to the constitutional rights of individuals including the plaintiff.

24.  Defendant City of Philadelphia has failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers, thereby causing and encouraging police, including the defendant officer in this case, to violate the rights of citizens such as the plaintiff.

25.  Defendant City of Philadelphia failed to take appropriate and timely steps to remedy known and continuing constitutional violations by its police officers.

26.  By these actions, all defendants have deprived Emily Hamilton Epstein of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIMS

27.  Plaintiff incorporates by reference paragraphs 1-26 of this Complaint.

28.  The acts and conduct of the individual defendant officer alleged in the above stated cause of action constitute assault and battery, false arrest and imprisonment, malicious prosecution, defamation, and invasion of privacy -- casting in a false light, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

WHEREFORE, the plaintiff requests the following relief:

a.  Compensatory damages as to all defendants;

b.  Punitive damages as to the individual defendant officer;

c.  Reasonable attorney's fees and costs;

d.  Such other declaratory and further relief as appears reasonable and just;

e.  A jury trial as to each defendant and as to each count.


    s/ Paul Messing
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiff