IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY HAMILTON EPSTEIN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL., | : | NO.   12-CV-1141 (CDJ) |
| Defendants. | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, CITY OF PHILADELPHIA AND OFFICER WILLIAM GRESS, TO PLAINTIFF'S COMPLAINT

#### JURISDICTION

1.   DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

#### PARTIES

2.   ADMITTED upon information and belief.

3.   ADMITTED that, at all times material to this action, the City of Philadelphia employed William Gress as a police officer in the Philadelphia Police Department.  DENIED AS STATED as to the City of Philadelphia, as the City of Philadelphia is a city of the first class, organized and existing in accordance with the laws of the Commonwealth of Pennsylvania and the Philadelphia Home Rule Charter.  The City operates, manages, directs and controls the Philadelphia Police Department in accordance with the laws of the Commonwealth of Pennsylvania, the Philadelphia Code and the Philadelphia Home Rule Charter.

4.   ADMITTED that William Gress is and was at all times relevant to this action a police officer with the Philadelphia Police Department.  The remaining allegation is DENIED as a conclusion of law to which the Federal Rules of Civil Procedure require no response.

5. DENIED. This paragraph contains a conclusion of law to which the Federal Rules of Civil Procedure require no response.

6. DENIED. This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

## FACTUAL ALLEGATIONS

7. ADMITTED as to where and what Emily Hamilton Epstein was doing on June 19, 2010, at about 9:00 PM. The remaining allegation regarding the type of chalk she was using is DENIED, because Answering Defendants do not have such knowledge. Strict proof thereof, if relevant, is demanded at the trial of this matter.

8. DENIED. Answering Defendants are without sufficient knowledge to form a belief in the truthfulness of this allegation. Strict proof thereof, if relevant, is demanded at the trial of this matter.

9. ADMITTED that the plaintiff was drawing on the sidewalk. Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the remaining factual allegations in this paragraph. Strict proof thereof, if relevant, is demanded at the trial of this matter. As to whether or not the drawing or message is protected by the First Amendment, this allegation is DENIED as a conclusion of law to which the Federal Rules of Civil Procedure require no response.

10. DENIED as to the allegation that she never blocked or obstructed public passage on the sidewalk. The remaining allegations are DENIED because Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness thereof. Strict proof thereof, if relevant, is demanded at the trial of this matter.

11. ADMITTED that Officer Gress approached the plaintiff at around 9:00 PM. The remaining allegations are DENIED as untrue, inaccurate or containing conclusions of law to which the Federal Rules of Civil Procedure require no response. Strict proof thereof, if relevant, is demanded at the trial of this matter. By way of further response, Officer Gress told the plaintiff and her companion at the corner several times that they were blocking the passage of pedestrians and they could not do that. The plaintiff and her companion disregarded his order to stop blocking pedestrian traffic on this very busy stretch of the sidewalk on South Street.

12. DENIED. The factual allegations in this paragraph are untrue, inaccurate or contain conclusions of law to which the Federal Rules of Civil Procedure require no response. By way of further response, Officer Gress specifically DENIES grabbing, pushing and handcuffing the plaintiff. Other police officers, whom Officer Gress does not recall by name, handcuffed and transported the plaintiff and her companion to the 3rd District mini-station on South Street. It is ADMITTED that Officer Gress had the plaintiff and her companion taken to the South Street mini-station by other police officers, whom he does not recall by name, for the purpose of each being issued a "Non-Traffic Statutory Summary Offenses Citation."

13. DENIED as stated. The plaintiff appeared in Community Court on September 12, 2011, before the Honorable Craig Washington, with counsel and a character witness present (whom Officer Gress recalls was the plaintiff's companion the night she and her companion were each issued a "Non-Traffic Statutory Summary Offenses Citation." Officer Gress further recalls that, after the plaintiff, her character witness, and he had testified, Judge Washington said that he believed Officer Gress' testimony but that the the plaintiff's character witness' testimony created reasonable doubt, so Judge Washington found the plaintiff not guilty of the non-traffic statutory summary offense.

14. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

15. DENIED.  The inaccurate factual and legal conclusions in this paragraph are specifically DENIED as having no basis in law or fact.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

16. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

17. DENIED.  This paragaph contains a conclusion of law to which the Federal Rules of Civil Procedure require no response.  By way of further response, Answering Defendants are without sufficient knowledge or information a belief in the plaintiff's allegations of injury.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

18. DENIED.  This allegations in this paragraph have basis in law or fact.  By way of further response, Officer Gress' decision to have the plaintiff issued a "Non-Traffic Statutory Offenses Citation" was not motivated by the plaintiff's appearance, her artistic expression or any view that some other person might have had regarding the public image of Philadelphia.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

19. DENIED as stated.  Although it is true that Officer Gress has been accused of  similar conduct by citizens, it is specifically DENIED that any litigation has resulted in a judicial finding that he violated the rights of any citizens.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

20. Answering Defendants incorporate by reference their responses to paragraphs 1-19 of the Complaint.

21. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

22. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.  By way of further response, Answering Defendants are without sufficient knowledge or information to form a belief in the plaintiff's allegations of injury.  Strict proof thereof, if relevant, is demanded at the trial of this matter.

23. DENIED.  It is specifically denied that the City has developed or maintained policies or customs encouraging its police officers to violate citizens' constitutional rights.  Furthermore, this paragraph and its subpararaphs contain conclusions of law to which the Federal Rules of Civil Procedure require no response. It is specifically DENIED that the City had or has a policy or custom to inadequately and improperly investigate acts of misconduct by its officers.  To the contrary, and as should be known by the plaintiff's attorney:  (1) Philadelphia Police Department Directive 127, regarding investigations into complaints against police, sets forth the investigative policies and procedures for citizens' complaints against police, and has been in effect since November 13, 2000 (this current version replaced Directive 127 dated September  28, 1994); and (2) it has been judicially determined that the Philadelphia Police Department's investigations of police conduct has "teeth."  Glass v. City of Philadelphia, 455 F. Supp. 2d 302, 343-344 (E.D. Pa. 2006) [district court concluded that the Philadelphia Police Department's Internal Affairs Division's investigation process "has teeth," as required by Beck v. City of Pittsburgh, 89 F.3d 966 (3d Cir. 1996)].  Moreover, it is the Philadelphia Police Department's policy that no police officer shall violate the rights of citizens, including using excessive force, which is not tolerated (Directive 22).  As the plaintiff's attorney knows or should know, the City of Philadelphia has had in place for many years an adequate disciplinary system, more fully described in

Philadelphia Police Department Directive 79 (4-13-2010, replacing Directive 79 dated 4-14-1980) and the Police Department's past and current Disciplinary Code.  Moreover, all police personnel are required to report corruption and other misconduct by fellow officers and personnel in accordance with Directive 114 (3-4-2011, replacing Directive 114 issued 10-8-1999). As for training, all Philadelphia police recruits and officers must undergo state-mandated training in accordance with the requirements of Pennsylvania's Municipal Police Officers' Education & Training Commission  ("MPOETC"). In Pennsylvania, the MPOETC establishes and administers the minimum courses of study for basic and in-service training for police officers, and has the power to certify a police officer and to revoke an officer's certification.  53 PA. CONS. STAT. § 2164 (LEXSTAT 2011).  As a general rule, no person may perform the duties of a police officer unless the person has met all the requirements of the MPOETC, and has been duly certified by the MPOETC as having met those requirements.  53 PA. CONS. STAT. § 2167(b) (LEXSTAT 2011).  The requirements for police officer certification are established by the MPOETC and set forth in detail at 37 PA. CODE §§ 203.11 – 203.15 (LEXSTAT 2011).  Any person who orders, authorizes or pays a person to perform the duties of a police officer who has not met the training and certification requirements of the MPOETC may be criminally prosecuted and the municipality may lose funding from the MPOETC.  ID. at § 2167(c).  Basic recruits must be trained and tested in the following areas: Pennsylvania criminal law, Pennsylvania Rules of Criminal Procedure, Pennsylvania Vehicle Code, antisocial behavior, professional relations, physical conditioning, human relations skills, application of force, firearms training, patrol procedures and operations, investigations, communications, handling violent and dangerous people, custody, first aid and CPR, operation of patrol vehicle, and other subjects the MPOETC deems necessary.  37 PA. CODE § 203.51(b) (LEXSTAT 2011).  All

police officers must undergo annual in-service training, which includes training and testing in the following areas: annual qualification on a police firearms course, maintenance of first aid and CPR certification, and academic in-service requirements of at least 12 hours of annual training as determined each year by the MPOETC. I$_{\text{D}}$. at § 203.52. The other allegations regarding not tolerating artistic expression, violating citizens' rights to be free from pretextual arrests and prosecutions in Philadelphia and, specifically, the South Street business district, are specifically DENIED.

24. DENIED. Answering Defendants incorporate their response to the allegations in paragraph 23.

25. DENED. Answering Defendants incorporate their response to the allegations in paragraph 23.

26. DENIED. This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIMS

27. Answering Defendants incorporate their responses to paragraphs 1-26 of the Complaint.

28. ENIED. This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

WHEREFORE, the Answering Defendants demand judgment in their favor and against the plaintiff, and such other relief as this Court deems reasonable and just, including the costs of defending against these claims.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's defamation and invasion of privacy claims are barred by the one-year statute of limitation, 42 P$_{\text{A}}$. C$_{\text{ONS}}$. S$_{\text{TAT}}$. A$_{\text{NN}}$. § 5523.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's state law claims are barred or limited by Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541 *et seq.*

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's state law claims fail to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Officer William Gress are barred by the doctrine of qualified immunity and police privilege because, at all times material hereto, Officer Gress was carrying out his duties in a proper and lawful manner, and in the exercise of good faith.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's federal claims fail to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent that she has failed to take reasonable measures to mitigate any or all damages.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, insofar as the Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

WHEREFORE, the Answering Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.

                              Respectfully submitted,

                              /s/ Matthew K. Hubbard
                              Matthew Kevin Hubbard
                              Divisional Deputy City Solicitor
                              Attorney Identification #44110
                              City of Philadelphia Law Dept.
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA 19102
                              (215) 683-5439
Dated: March 24, 2012          (215) 683-5397 (fax)
                              matthew.hubbard@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY HAMILTON EPSTEIN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL., | : | NO.   12-CV-1141 (CDJ) |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I certify that on March 24, 2012, the foregoing Answer and Affirmative Defenses of Defendants, City of Philadelphia and Officer William Gress, to Plaintiff's Complaint was served electronically via the Court's ECF system upon the following:

**TO:**   Paul Messing, Esquire
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
pmessing@krlawphila.com
Counsel for Plaintiff

/s/ Matthew K. Hubbard
MATTHEW KEVIN HUBBARD
Divisional Deputy City Solicitor

DATED:  March 24, 2012